**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JML SALES, INC.** | : | |
| Appellant, | : | |
| v. | : | **3:CV-05-1885** |
| | : | **(JUDGE VANASKIE)** |
| **SCHILS AMERICA ACQUISITION** | : | |
| **CORPORATION, et al.** | : | |
| Appellees, | : | |

**MEMORANDUM**

Appellant JML Sales, Inc. ("JML") challenges an Order issued by Bankruptcy Judge John T. Thomas, denying JML's Motion for Interpretation and Clarification of Confirmed First Amended Plan. In its motion, JML asked the bankruptcy court to find that a provision in Schils America Acquisition Corporation's ("Debtor") Amended Plan of Reorganization ("Amended Plan") did not bar JML from collecting against a third party guarantor of the debt. Bankruptcy Judge Thomas determined that JML was precluded from challenging the confirmed Plan under In re Szostek, 886 F.2d 1405 (3d Cir. 1989). This Court agrees with the bankruptcy judge's analysis, and affirms his opinion.

**I. BACKGROUND**

In 2003, Debtor failed to pay for products it received from JML. Debtor's principal, Art Henderlong, subsequently executed a personal guaranty on the obligation to JML.

On March 22, 2004, JML filed a complaint against Debtor and Mr. Henderlong in Ohio state court.  On May 25, 2004, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.  Mr. Henderlong did not file for individual bankruptcy protection.  The Ohio state court stayed JML's action against Debtor, but awarded JML a judgment against Mr. Henderlong on August 24, 2004.

Debtor filed a Plan of Reorganization in its bankruptcy proceeding on July 27, 2004, which was amended on August 31, 2004.  Both plans contained the following provision:

> XIII. INJUNCTION
>
> As of the Effective Date, this Plan shall act as an injunction against and shall enjoin the commencement of an action, the employment of process, or an act to collect, recover or offset any pre-confirmation debt as a personal liability of the Debtor or any other person liable therefore [sic] . . . .

(Designated R. (Dkt. Entry 2) Docs. 50, 70.)  Bankruptcy Judge Thomas fixed September 30, 2004 as the last date for filing objections to the amended plan pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure.

JML did not object to the Amended Plan of Reorganization.[1]  A hearing on confirmation of the Amended Plan was conducted on October 21, 2004.  On October 27, 2004, the Bankruptcy Court issued an "Order Confirming the First Amended Plan."  (Id. Doc. 87.)  JML

---

[1] JML did not object to the initial Plan of Reorganization or Debtor's Disclosure Statement.  It is also perhaps worth noting that no party objected to the Amended Plan of Reorganization.

2

did not appeal the Bankruptcy Court's Order within the ten-day period set forth under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure.

On February 8, 2005, 131 days after the date fixed by the bankruptcy judge for filing objections to the Amended Plan, JML filed a motion for "Interpretation and Clarification of Confirmed First Amended Plan." (Designated R. (Dkt. Entry 2) Doc. 101.)  In its motion, JML asked the Bankruptcy Court to find that the Amended Plan's provision, which enjoined the collection of "any pre-confirmation debt as a personal liability of the Debtor or any other person liable therefore, [sic]" (id. Doc. 70 at Art. XIII (emphasis added)) did not bar JML from collecting against Mr. Henderlong. (Id. Doc. 101.)

JML presented three arguments for its position.  First, the provision failed to specify that it released Mr. Henderlong from liability as required by case law. (Id. at ¶¶ 12-18.)  Second, any provision releasing a non-debtor from his guaranty violated Section 524(e) of the Bankruptcy Code. (Id. ¶ 19.)  Lastly, the provision was ambiguous, and should be interpreted against the Debtor as drafter of the plan. (Id. at ¶¶ 20-25.)

In separate objections to JML's motion, Debtor and Mr. Henderlong argued that res judicata barred JML from challenging the provision because the bankruptcy court's confirmation order constituted a final resolution of the matter. (Id. Doc. 109 ¶¶ 19-20; id. Doc. 110 ¶¶ 13-19.)  Debtor and Mr. Henderlong also asserted that the provision was not ambiguous. (Id. Doc. 109 ¶¶ 21-28; id. Doc. 110 ¶¶ 20-25.)

3

The bankruptcy court denied JML's motion on August 5, 2005.  (Designated R. (Dkt. Entry 2) Doc. 121.)  In an accompanying opinion, the court stressed the preclusive effect of its confirmation order on JML's claim under In re Szostek, 886 F.2d 1405 (3d Cir. 1989).  (Id. Doc. 120 at 2.)  The court also observed that JML's motion was not the proper procedure for requesting that the confirmation order be revoked or reconsidered.  (Id. (stating that Rules 7001, 9023, or 9024 of the Federal Rules of Bankruptcy Procedure provided the appropriate procedures for revoking or reconsidering a confirmation order).  The Court, while observing that the Injunction provision was not ambiguous, declined to issue an "advisory opinion" as to whether it precluded JML from seeking to enforce a judgment it had obtained against Mr. Henderlong.  (Id.)

On September 21, 2005, JML filed a Notice of Appeal of the Bankruptcy Court's Order. (Dkt. Entry 1.)  All parties have briefed JML's appeal, and the matter is ripe for resolution.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 158, the district courts of the United States have jurisdiction to hear appeals from bankruptcy judges.  When reviewing a bankruptcy judge's decision, the court should accept the bankruptcy judge's findings of fact unless they are "clearly erroneous."  In re Brown, 951 F.2d 564, 567 (3d Cir. 1991).   Plenary review, however, is required for a bankruptcy judge's findings of law.  In re Brown, 951 F.2d at 567.

### III.  DISCUSSION

JML asks this Court to set aside the bankruptcy court's decision and find that the disputed provision in the Amended Plan, protecting "any other person liable" for "any pre-confirmation debt as a personal liability of the Debtor," does not apply to enforcement of the judgment it obtained based upon Mr. Henderlong's guaranty.  JML presents three arguments for its position: (1) the provision is unenforceable because it does not specifically state that it releases Mr. Henderlong from liability; (2) the provision is unenforceable because it violates Section 524(e) of the Bankruptcy Code; and (3) the provision is ambiguous, and should be construed against Debtor and Mr. Henderlong as drafters of the Plan.  (Appellant's Br. (Dkt. Entry 12) at 4-11.)

Under its first two arguments, JML does not argue that the meaning of the disputed provision is unclear, but that the language that protects "any other person liable" should be stricken as unenforceable.  Essentially, this is a challenge to the Amended Plan, cloaked as a motion for "interpretation and clarification," filed four months after the time fixed by the bankruptcy judge for filing objections, and three months after the bankruptcy judge issued an order confirming the Amended Plan.

The Third Circuit considered a similar situation in In re Szostek, 886 F.2d 1405 (3d Cir. 1989), where a creditor filed a motion to challenge a reorganization plan five months after the plan was confirmed by order of the bankruptcy court.  Like JML, the creditor in In re Szostek

argued that the confirmed plan should be modified because it contained a provision that violated the bankruptcy code. Id. at 1408. The court denied the creditor's argument, finding that the creditor accepted the debtor's reorganization plan when it "failed to object timely to the plan's confirmation." Id. at 1414 (noting that Rule 3020(b) would have no substance if a party could object to a reorganization plan at a later time). The court observed that the policy of finality embodied in the Bankruptcy Code necessitates that "a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation." Id. at 1408. Consequently, the Court held that, in the absence of fraud, the failure of a creditor to timely object to a plan of reorganization or appeal the order of confirmation precludes the creditor from challenging the plan. Id. at 1408, 1414.; see also In re Fesq, 153 F.3d 113, 115-20 (3d Cir. 1998) (holding that a final order confirming a debtor's Chapter 13 plan of reorganization cannot be vacated or revoked without a showing of fraud); Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1054 (5th Cir. 1987) (holding that a creditor who did not object to a plan could not later challenge a non-debtor release provision in the plan).

The Third Circuit has indicated that the holding in Szostek applies to a plan which includes a release of a non-debtor guarantor. In an unpublished opinion in In re Midstate Mortgage Investors, Inc., 105 Fed. Appx. 420, 423 (3d Cir. 2004), the court held that "the principles of finality that prevent collateral attacks once a plan is confirmed and time to appeal has expired" precluded creditors from later challenging a plan that included provisions that

released non-debtors from guarantees.  The decision in In re Continental Airlines, 203 F.3d 203, 214 (3d Cir. 2000), also suggests that a party that does not timely object to a plan containing a non-debtor release provision is barred from later challenging the provision.  In In re Continental Airlines, the court considered the merits of a creditors' challenge to a plan because they timely objected to the plan.  In dicta, however, the court observed:

> Claim preclusion commonly occurs when a party fails to raise issues in the plan confirmation process that could have been addressed in that forum, or fails to appeal the confirmation order; in such instances, a collateral attack on the validity of a provision of that plan, such as a non-debtor release or injunction, often has been unsuccessful.

Id. at 209 (emphasis added).  Thus, the court indicated that an untimely challenge to a non-debtor release provision would be unsuccessful.

In this case, JML did not raise its objections to the non-debtor release provision during the plan confirmation process or in an appeal of the confirmation order.[2]  Consequently, JML is precluded from challenging the Amended Plan.[3]

---

[2] If JML did timely object to the release provision, it is likely that the release would have been found invalid absent a showing that Mr. Henderlong made a contribution necessary to the reorganization.  See In re Continental Airlines, 203 F.3d at 211-14. As our Court of Appeals has observed, however, "[a]bsent fraud redressable under bankruptcy law, a confirmed plan cannot be collaterally challenged, even for a failure to comply with the Code." In re Midstate Mortgage Investors, 105 Fed. Appx. at 432.

[3] JML did not assert that the confirmation order was procured by fraud to warrant a challenge under 11 U.S.C. § 1144 or Rule 9024 of the Federal Rules of Bankruptcy Procedure. See In re Fesq, 153 F.3d 113, 115-20 (3d Cir. 1998) (finding that Rule 9024 is limited to challenges premised on fraud).

7

As to the contention that the Injunction is ambiguous, this Court concurs with the Bankruptcy Court's conclusion that a concrete controversy is not presented here.  JML can present that issue in an appropriate forum in connection with an effort to collect on the judgment.  Whether the disputed provision forecloses collection on the judgment obtained against Mr. Henderlong is simply not properly before the Court at this time.  See Coffin v. Malvern Federal Savings Bank, 90 F.3d 851, 853-54 (3d Cir. 1996).

**IV.  DISCUSSION**

For the reasons set forth above, the Bankruptcy Court's Order denying JML's Motion for Interpretation and Clarification of Confirmed First Amended Plan will be affirmed.  An appropriate Order follows.

                 **s/ Thomas I. Vanaskie**
                 Thomas I. Vanaskie
                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JML SALES, INC.** : | |
|         **Appellant,** : | |
| **v.** : | **3:CV-05-1885** |
| : | **(JUDGE VANASKIE)** |
| **SCHILS AMERICA ACQUISITION** : | |
| **CORPORATION, et al.** : | |
|         **Appellees,** : | |

**ORDER**

**NOW, THIS 30th DAY OF JANUARY, 2007**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Bankruptcy Court's Opinion and Order dated August 5, 2005 is **AFFIRMED**.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

                                                                  **s/ Thomas I. Vanaskie**
                                                                    Thomas I. Vanaskie
                                                                    United States District Judge